IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH L. JOHNSON, JR.　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　NO. 3:07-0695
　　　　　　　　　　　　　　　　)
TOMMY MILLS, WARDEN　　　　　 )


TO:　　Honorable Robert L. Echols, District Judge


## REPORT AND RECOMMENDATION

By Order entered August 8, 2007 (Docket Entry No. 7), the above captioned Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 7 of the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's Motion to Dismiss (Docket Entry No. 5). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed without prejudice.


### I. BACKGROUND

On July 2, 2007, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges convictions for the crimes of aggravated robbery, aggravated assault, and evading arrest which were rendered by a jury in Davidson County, Tennessee in December 2004. In March 2005, Petitioner was sentenced to an effective term of 54 years imprisonment for these crimes.

As grounds for his petition, Petitioner asserts that: 1) he was denied the right to be present at his sentencing; 2) he was denied a speedy trial; 3) his convictions violated the prohibition against Double Jeopardy; 4) an affidavit in support of the criminal complaint against him was void; 5) the jury which convicted him was improperly instructed; and 6) he was illegally sentenced.

Subsequent to his convictions, Petitioner's counsel filed a motion for a new trial on March 21, 2005, and another motion for a new trial was filed by counsel on March 19, 2007. Petitioner asserts that he also filed a pro se motion for a new trial on May 21, 2007, and that none of the three motions have been ruled on by the state trial court. Petitioner contends that the failure of the state court to rule on his motions for a new trial renders him unable to file a direct appeal, makes the state corrective process ineffective, unduly prejudices him, and should be deemed to excuse him from the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). He further contends that the extraordinary and inordinate delay in ruling on his motions itself violates his Fourteenth Amendment Due Process rights.

By Order entered July 13, 2007 (Docket Entry No. 5), Respondent was ordered to answer, plead, or otherwise respond to the petition in conformance with Rule 5 of the Rules Governing Section 2254 Cases. In lieu of an answer, Respondent filed the pending motion to dismiss the petition because Petitioner has failed to exhaust his state court remedies. Relying on a printout of the criminal case summary in Petitioner's criminal case and upon a printout of a minute entry, Respondent offers no explanation for why the first two motions for a new trial were not ruled upon but asserts that the third motion, filed pro se by Petitioner, was denied on July 2, 2007. See Docket Entry No. 6.

Petitioner filed a motion (Docket Entry No. 9) for an extension of time to file a "traverse" or "reply" to Respondent's motion. By Order entered August 31, 2007 (Docket Entry No. 10), the Court granted this motion and gave Petitioner until October 1, 2007, to file a response to the motion to dismiss.

On September 5, 2007, Petitioner filed a motion in opposition to the motion to dismiss. See Docket Entry No. 11. Petitioner asserts that the motion to dismiss is not an appropriate pleading in response to his petition for habeas corpus relief and the motion to dismiss fails to comply with Rule 5 of the Rules Governing Section 2254 Cases. He asks the Court to deny the motion to dismiss and to require Respondent to file an answer addressing the merits of his petition. Petitioner does not,

2

however, at any point address the underlying issue of exhaustion of state remedies or respond to Respondent's assertion that the state trial court denied his pro se motion for a new trial on July 2, 2007, thus permitting him to pursue further state remedies. [1]

## II. CONCLUSIONS

A. Appropriateness of Respondent's Filing a Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases states that if a petition under 28 U.S.C. § 2254 is not dismissed upon preliminary review, the Court shall order Respondent "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." This language clearly allows for a response other than a formal answer to be filed by Respondent. See White v. Lewis, 874 F.3d 599, 602-03 (9th Cir. 1989).

The Court's Order entered July 13, 2007 (Docket Entry No. 2), did not specifically require Respondent to file an answer but ordered Respondent to "answer, plead, or otherwise respond" to the petition and, thus, the filing of a preliminary motion to dismiss was contemplated by the Court.

Respondent's motion to dismiss is an appropriate response to the petition for habeas corpus relief. This is especially so when the sole basis for the motion is Respondent's contention that the petition is premature because Petitioner has not pursued and exhausted his available state remedies.

B. Exhaustion

It is incumbent upon a petitioner seeking relief under 28 U.S.C. § 2254 to have first pursued and exhausted his claims of a federal, constitutional violation in the state courts prior to filing his habeas corpus petition. Rose v. Lundy, 455 U.S. 509, 515-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985). The requirement that state remedies be exhausted gives the

---

[1] Contemporaneous to his motion in opposition to the motion to dismiss, Petitioner filed a motion (Docket Entry No. 12) for default judgment. On September 6, 2007, the Clerk entered a denial of entry of default. See Docket Entry No. 15.

3

state courts a fair opportunity to address any federal errors in the first instance and respects the principle of comity between the state and federal courts. See Rose, 455 U.S. at 515-516; Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

In the instant action, it is undisputed that Petitioner has not completed a direct appeal of his convictions, let alone pursued any collateral remedies he may have under state law, and that the state courts have not been given the opportunity to review and decide the constitutional claims raised by Petitioner.

Petitioner asserts that his failure to satisfy the exhaustion requirement has been caused by a delay of over two years on the part of the state in ruling on his motions for a new trial. He asserts that this inordinate delay renders his state court remedies ineffective to protect his rights under 28 U.S.C. § 2254(b)(1)(B)(ii) and should excuse his failure to exhaust.

The criminal case summary submitted by Respondent indicates that Petitioner's new counsel entered an appearance for Petitioner after sentencing was concluded on March 21, 2005, and filed the first motion for a new trial at this time. On January 24, 2007, Petitioner's counsel was permitted to withdraw and new counsel was appointed for Petitioner on January 25, 2007. A second motion for a new trial was filed on March 19, 2007. Newly appointed counsel's motion to be relieved as counsel was denied on July 2, 2007, the same day that Petitioner's pro se motion for a new trial was denied. See Docket Entry No. 6. The criminal case summary also indicates that a notice of appeal was filed on behalf of Petitioner on July 19, 2007, indicating that a direct appeal is being pursued by counsel for Petitioner. Id.[2]

The Court does not agree that the delay on the part of the state trial court in ruling upon Petitioner's motion for a new trial has rendered the state review process ineffective to protect his rights. While the delay has not been explained, it is apparent that the motion for a new trial has now been denied and that a direct appeal has been initiated on behalf of Petitioner. There is nothing

---

[2] Although the denial of the motion for a new trial and the filing of a notice of appeal both occurred subsequent to Petitioner's submission of his petition for habeas corpus relief, he has not acknowledged either event in any subsequent filings.

4

before the Court which suggests that requiring Petitioner to pursue his direct appeal would be futile as there has been no showing of any type of delay on the part of the state appellate court.

Whatever the reason for the delay caused by the trial court, Petitioner has now passed that hurdle and he is now proceeding on his direct appeal. The United States Supreme Court has cautioned that an exception to the exhaustion requirement is warranted only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Such circumstances have not been shown in this action.

### R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that Respondent's Motion to Dismiss (Docket Entry No. 5) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge