UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JOSEPH L. JOHNSON, JR.** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:07-0695 |
| | ) Judge Echols |
| | ) |
| **TOMMY MILLS, WARDEN,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM

This is a habeas action under 28 U.S.C. § 2254. The Magistrate Judge has issued a Report and Recommendation ("R&R") (Docket Entry No. 19) in which she recommends granting Respondent's Motion to Dismiss (Docket Entry No. 5) and dismissing this action without prejudice. Petitioner objects to the recommendation (Docket Entry No. 23). He has also filed objections to the Magistrate Judge's Order on dispositive Motions (Docket Entry No. 24). Finally, Petitioner has filed a "Motion to Stay Proceedings" (Docket Entry No. 21).

## I. OBJECTIONS TO THE R & R (Docket Entry No. 23)

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). See, Fed.R.Civ.P. 72(b). Having conducted this *de novo* review, the Court finds the Magistrate Judge correctly concluded that this Section 2254 action should be dismissed without prejudice for failure to exhaust state court remedies.

1

In his objections, Petitioner initially spends seven pages arguing that the Respondent improperly filed a Motion to Dismiss. Later in his brief he devotes another four pages to this argument. He claims the Respondent was required to file an Answer under Rules 4 and 5 of the Rules Governing Habeas Corpus, instead of a Motion to Dismiss.

One court has recently described such an argument as "without merit" and "based on a misreading of the Rules Governing Habeas Corpus Cases Under Section 2245," writing:

> Rule 4 directs the district court judge to either dismiss the case if the petitioner plainly is not entitled to relief" or "order the respondent to file an answer, *motion, or other response.*" (emphasis added). Rule 5(a) explains that "[t]he respondent is not required to answer the petition unless a judge so orders." The Advisory Committee Notes to the 2004 Amendments state that the revised Rule 5 "does not address the practice in some districts, where the respondent files *a pre-answer motion to dismiss the petition.* But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require ( *or permit* ) the respondent to file a *motion.*" (emphasis added). The rules do not prohibit the State from filing a motion to dismiss prior to filing an answer and the Advisory Committee Notes specifically recognize the district court's discretion to allow the filing of such motion in lieu of an answer.

Scott v. Romero, 153 Fed.Appx. 495, 498 (10th Cir. 2005). Further, Rule 4 allows for a response other than a formal answer and its accompanying Advisory Committee Notes specifically mention a "motion to dismiss." See, White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989) (approving the filing of a motion to dismiss in lieu of an answer and observing "responding to a habeas petition with a motion to dismiss is common practice"); Thomas v. Vasbinder, 2006 WL 3511147 at *3 (E.D. Mich. 2006)(citation omitted)(motion to dismiss satisfies Rule 5(b)'s "requirement that an 'answer state whether any claim in the petition is barred by a failure to exhaust remedies'").

In this case, Respondent was specifically ordered to "file an answer, plead or otherwise respond to the petition[.]" (Docket Entry No. 2). The "Motion to Dismiss" falls within that directive. Petitioner's objection is overruled.

2

Petitioner next asserts that the Magistrate Judge erred in concluding that the state courts have not been given the opportunity to review and decide the claims raised by Petitioner. Petitioner argues he presented the "operative facts of his constitutional claims to the state trial court" in his pro se Motion for New Trial. (Docket Entry No. 23 at 8). While that may be so, the fact remains that Petitioner's case is still under review by the state courts and, as late as November 14, 2007, his case was pending in the Tennessee Court of Criminal Appeals with the state court record yet to be filed. (Docket Entry No. 21-1). It is also undisputed that Petitioner has not completed his direct appeal of his underlying convictions, let alone pursued any collateral remedies he might have under state law. As such, he has not exhausted his state court remedies as required by law. See, Rose v. Lundy, 455 U.S. 509, 515 (1982). This objection is overruled.

Petitioner next objects to the Magistrate Judge's characterization that a direct appeal had been initiated on his behalf, with Petitioner asserting he filed a Notice of Appeal pro se. This objection is overruled because whether Petitioner filed a Notice of Appeal or counsel filed a Notice of Appeal on his behalf says nothing about the underlying fact that appellate proceedings relative to Petitioner are ongoing in state court.

Petitioner also claims that dismissal is unwarranted because it has not been shown that his underlying claims are "palpably incredible" or "patently frivolous or false." (Docket Entry No. 23 at 12). Whatever merit there might be to Petitioner's underlying claims, he has not exhausted his state court remedies. "The exhaustion requirement is based on principles of comity and federalism." Turner v. Bagley, 401 F.3d 718, 724 (6th Cir. 2005). It "provides state courts an opportunity to address alleged flaws in their criminal procedures" and presumes "that states maintain adequate and

effective remedies to vindicate federal constitutional rights." Id. That has yet to be done in this case and accordingly this objection is overruled.

Finally, Petitioner objects to the Magistrate Judge's view that any delay is now in the past because the intermediate state appellate court is directly reviewing Petitioner's trial and conviction. Petitioner claims the delay in the state court has been "extraordinary" and "inordinate" and therefore he should be allowed to forego exhausting his state court remedies.

The Court disagrees. While it is true that the exhaustion requirement may be excused where claims are "wrongfully ignored by the [state] courts," Turner, 401 F.3d at 724, the facts in this case do not support a conclusion that the state courts have ignored his claims by inaction. See, id. (excusing exhaustion requirement where, nearly eleven years after filing direct appeal, petitioner's conviction was affirmed); Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992)(exhaustion excused where post-conviction proceedings languished in state courts without any findings for three years and only excuse was turnover of judges and allocations of case loads).

Here, Petitioner was sentenced to a fifty-four year term of imprisonment on March 3, 2005 for various crimes, including aggravated robbery. Petitioner's new counsel entered an appearance after Petitioner's sentencing on March 21, 2005, and filed the first motion for a new trial on the same date. On January 24, 2007, Petitioner's second counsel was permitted to withdraw and Petitioner's third counsel was appointed on January 25, 2007. A second motion for a new trial was filed on March 19, 2007, and another on May 21, 2007. On July 2, 2007, the same day Petitioner's third counsel's motion to be relieved as counsel was denied, Petitioner's motions for a new trial, including a pro se motion, were denied. On July 19, 2007, Petitioner filed a Notice of Appeal and his case is presently pending in the Tennessee Court of Criminal Appeals. While there may have been some

4

delay in the rulings relating to his initial requests for a new trial, that delay has not been inordinate and the Court agrees with the Magistrate Judge's observation that "whatever the reason for the delay . . . Petitioner has now passed that hurdle[.]" This objection is overruled.

## II. OBJECTION TO MAGISTRATE JUDGE'S ORDER ON DISPOSITIVE MOTIONS (Docket Entry No. 24).

In this filing, Petitioner asserts the Magistrate Judge had no authority to rule on Respondent's Motion to Dismiss. He also objects to an Order (Docket Entry No. 20) in which the Magistrate Judge determined that the Clerk's denial of Petitioner's requested entry of default was correct.

Rule 28 U.S.C. § 636 sets forth the jurisdiction and powers of Magistrate Judges. Section 636(b)(1)(A) allows a district judge to designate a magistrate to hear and determine any pretrial matter, except eight types of motions (including dispositive motions). Section 636(b)(1)(B) in turn permits a district judge to designate a magistrate to conduct hearings and submit proposed findings of fact and recommendations for the disposition of (1) any motion excepted in § 636(b)(1)(A), (2) applications for posttrial relief made by individuals convicted of criminal offenses, and (3) prisoner petitions challenging conditions of confinement.[1] The primary difference between subsections (1)(A) and (1)(B) is that the former allows the magistrate to "determine" the matter (subject to the review of the district court for clear or legal error), while the latter allows the magistrate only to submit "proposed findings and recommendations" for the district court's *de novo* review on a party's objection.

---

[1] Section 636(b)(3) contains a catch-all provision which allows a district court judge to assign the magistrate any additional duties not inconsistent with the Constitution and the laws of the United States.

5

Petitioner recognizes these provisions but maintains that the Magistrate Judge "purported to 'determine and dispose of the Motion to Dismiss[.]" (Docket Entry No. 24 at 2, citation and internal brackets omitted). Petitioner asserts that this was in error because the Motion to Dismiss "was neither 'pretrial' nor 'nondispositive.'" (Id.).

Petitioner's underlying premise – that the Magistrate Judge "determined and disposed" of the Motion to Dismiss – is simply incorrect. The Magistrate Judge, in accordance with 28 U.S.C. § 636(b)(1)(B), issued a Report and Recommendation in which she recommends dismissal of this action for failure to exhaust state court remedies. The Magistrate Judge did not "dispose" of this action, she merely made a recommendation which, after de novo review, the Court has determined to accept. It is the Court which is making the ultimate determination as contemplated by 28 U.S.C. § 636(b)(1)(B).

In an Order issued contemporaneously with the R & R, the Magistrate Judge ruled that the Clerk's denial of an entry of default was correct because Respondent had, in fact, responded to the petition for habeas corpus relief by filing a motion to dismiss (Docket Entry No. 20). Petitioner objects to that ruling claiming the Magistrate Judge was without authority to issue such an Order.

Upon reference, a Magistrate Judge may consider a request for default where review may be had from the district judge. See, Callier v. Gray, 167 F.3d 977, 981 (6th Cir. 1999)(a motion for default is "effectively the same as a motion for involuntary dismissal which is specifically covered by 28 U.S.C. 636(b)(1)(A) and (B)"). Here, Petitioner was informed of his right to seek review by the district judge within ten days from the date of the Order in question. Moreover, the Clerk did not err in refusing to enter a default since, under Rule 55(a) of the Federal Rules of Civil Procedure, the

6

entry of a default is only warranted where a party "fails to plead or otherwise defend." Fed. R. Civ. P. 55(a). Respondent has otherwise defended by filing a Motion to Dismiss.

### III. **MOTION TO STAY PROCEEDINGS (Docket Entry No. 21)**

On November 14, 2007, the Tennessee Court of Criminal Appeals issued an Order which noted that Petitioner had appointed counsel to represent him on appeal and ordered that "all future pleadings shall be filed by counsel." (Docket Entry No. 21-1). Petitioner claims this directive deprives him of his right to self representation under Faretta v. California, 422 U.S. 806 (1975) and he asks this Court to stay the state court proceedings.

Leaving aside that, after Faretta, the Supreme Court "conclude[d] that neither the holding nor the reasoning in Faretta requires [states] to recognize a constitutional right to self-representation on direct appeal from a criminal conviction," Martinez v. Court of Appeals of California, 528 U.S. 152, 163 (2000), a stay is not warranted in this case. In seeking a stay, Petitioner relies upon McFarland v. Scott, 512 U.S. 849 (1994) and Barefoot v. Estelle, 463 U.S. 880 (1983). McFarland dealt with the wholly inapposite situation of an application for a stay of execution and the appointment of counsel where Congress created a statutory right to qualified legal representation for capital defendants in federal habeas corpus proceedings. Barefoot dealt with a federal court's power to grant a stay of execution during an appeal of a habeas corpus petition.

Here, Petitioner is requesting this Court to stay a state court direct appeal in favor of proceeding on his federal habeas petition. This would effectively eviscerate the general requirement that the state court, in the first instance, be provided a full and fair opportunity to address his claims of trial error. Moreover, while Section 2251 of Title 28 provides that "a justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment . .

7

. stay any proceeding against the person detained in any state," 28 U.S.C. § 2251(a), that section presupposes that a petition is actually pending. As already indicated, Petitioner's present section 2254 action is being dismissed because he has not exhausted his state remedies.

### IV. **CONCLUSION**

On the basis of the foregoing, the R & R (Docket Entry No. 19) recommending dismissal without prejudice will be accepted and Respondent's Motion to Dismiss (Docket Entry No. 5) will be granted. Petitioner's "Objection and Motion for Review" (Docket Entry No. 23) and his "Objections to Magistrate Judge[']s Order on Dispositive Motions" (Docket Entry No. 24) will be denied. Petitioner's "Motion to Stay Proceedings" (Docket Entry No. 21) will also be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE